IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AT CHARLESTON

| | |
|---|---|
| **Ronald Colonial Johnson,** | ) |
| | ) Civil Case No. 8:17-cv-307-JMC-MGB |
| **Plaintiff,** | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| | ) |
| **Norman Ben Cantrell,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| _____ | ) |

This civil action pursuant to 42 U.S.C. § 1983 is before the Court for initial review. Plaintiff Ronald Colonial Johnson is a pretrial detainee at the Anderson County Detention Center in Anderson, South Carolina. He is proceeding *pro se* and *in forma pauperis*. Plaintiff is suing his former employer for taking his personal property and for personal injury to Plaintiff's finger while Plaintiff was employed by the Defendant. (DE# 1). After careful review, the Magistrate Judge recommends that the Complaint be **summarily dismissed without prejudice**, and without issuance and service of process, for the following reasons:

**I. Standard of Review**

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed this *pro se* prisoner complaint pursuant to 28 U.S.C. § 1915 and under the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Prison Litigation Reform Act ("PLRA") permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. 28 U.S.C. § 1915(a)(1). To protect against possible abuses of this privilege, the statute allows the court to dismiss the case upon finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte* "at any time." *Neitzke*, 490 U.S. at 319. With respect to a failure to state a claim, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* filings does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs., City of Baltimore.,* 901 F.2d 387, 391 (4th Cir. 1990). "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

## II. Factual Allegations

On February 1, 2017, Plaintiff filed the present Complaint in this federal Court. (DE# 1). Plaintiff alleges that he previously worked for Mr. Norman Ben Cantrell doing remodeling and construction work for "around three years from 2014-2016." (*Id*. at 7). Plaintiff alleges that he lost a finger in a work-related accident while working for this employer, and that such injury put the Plaintiff out of work for approximately six months. (*Id*.). Plaintiff alleges that his former employer took Plaintiff's personal property ("his house, land, tools and all"). (*Id*.). Plaintiff contends that his former employer should be responsible for this work-related injury, but indicates that the Defendant did not have worker's compensation coverage for the Plaintiff and that the Defendant did not help the Plaintiff with any of his medical bills. (*Id*.). Plaintiff alleges that the Defendant "just put the Plaintiff out in the streets with no place to go." (*Id*.). Plaintiff indicates that he tried to talk to the Defendant about getting his property back but that the Defendant told him "No." (*Id*. at 14).

Plaintiff contends that he has a "constitutional right not to be deprived of ones' personal property." (*Id*. at 4, ¶ II). Plaintiff contends that the Defendant "knowingly and willfully took Plaintiff's personal property" sometime in June or July of 2016. (*Id*. at 5, ¶ IV "Statement of Claim"). As damages, Plaintiff alleges that he "lost personal property of money damage of around $25,910.00." Plaintiff has provided a detailed list of the property that was taken. (*Id*. at 5, ¶ V "Injuries," referring to "List of things Ben has of mine").

For relief, Plaintiff asks that the Defendant be "ordered to give back all Plaintiff's personal property and pay all court cost and all filing fees, or to pay Plaintiff $25,910.00, all filing fees, as well as $20,000.00 for lost money damages Plaintiff lost by not having his property." (*Id*. at 5, ¶ V "Relief").

## III. Discussion

A civil action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under 42 U.S.C. § 1983, a complaint must allege facts indicating: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982) (emphasizing that there must be an alleged constitutional deprivation and "the party charged with the deprivation [must be] a person who may fairly be said to be a state actor"). The United States Supreme Court has repeatedly instructed that a complaint "must plead facts sufficient to show that [a] claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S.Ct. 346 (2015) (citing *Iqbal*, 556 U.S. at 662).[1]

Plaintiff has filed this action on a pre-printed complaint form for "Violation of Civil Rights" pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff contends that the Defendant violated Plaintiff's "constitutional right not to be deprived of ones' personal property." (DE# 1 at 4). Plaintiff alleges that his former employer (Mr. Norman Ben Cantrell) "knowingly and willfully took Plaintiff's personal property." *Id*. at 5. A fair reading of the Complaint reflects that the Defendant is not a state official who acted under color of state law, but rather, a private individual who engaged in purely private actions. In fact, Plaintiff expressly (and correctly)

---

[1] Under existing case law, the failure to satisfy an element of a claim under a federal statute generally does not mean that the federal court lacks subject matter jurisdiction. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 507 (2006). That said, the United States Supreme Court has also instructed that federal courts have an "independent obligation to determine whether subject-matter jurisdiction exists." *Id*. at 514. Here, the basis for jurisdiction is "federal question" jurisdiction under 42 U.S.C. § 1983. The possible alternative basis for federal subject matter jurisdiction (i.e. diversity jurisdiction) would not apply in this case. See 28 U.S.C. § 1332(a)(1) (providing that federal courts have jurisdiction over civil actions in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states"). The present Complaint does not satisfy the requirements for diversity jurisdiction.

alleges that he is suing his former employer "as an individual." He indicates he is suing his former employer in his individual capacity.

The Complaint fails to satisfy the second element for a claim under 42 U.S.C. § 1983 because Plaintiff alleges acts by a non-state actor. By definition, a private employer is not a state actor and does not act "under color of state law." The United States Supreme Court has emphasized that § 1983 excludes "merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). "[P]rivate activity will generally not be deemed 'state action…' " *DeBauche v. Trani,* 191 F.3d 499, 507 (4th Cir. 1999), *cert. denied*, 529 U.S. 1033 (2000) (quoting *Blum*, 457 U.S. at 1004).

In other words, under 42 U.S.C. § 1983, the rights secured by the Constitution are protected only against infringement by governments. "This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998); *see also Asbury v. Tartarsky*, Case No. 8:13–cv–3364–RMG, 2015 WL 1120081, *4 n.5 (D.S.C.) (same), *affirmed by* 616 F.App'x 71 (4th Cir. Sept. 14, 2015).

The present case alleges purely private conduct by the Defendant. Nothing in the Complaint suggests that any basis for finding "state action." *DeBauche*, 191 F.3d at 507. Therefore, Plaintiff's § 1983 claim fails because the Defendant is not a state actor who acted under color of state law. While the Magistrate Judge is sympathetic to Plaintiff for his injury and property loss, this case is nonetheless subject to summary dismissal without prejudice for failure

to state a claim under 42 U.S.C. § 1983. The dismissal of the Plaintiff's § 1983 lawsuit from federal court does not in any way affect the Plaintiff's ability to file an appropriate cause of action against his former employer in state court under the state law of South Carolina.

## V. Recommendation

Accordingly, the Magistrate Judge recommends that the Complaint (DE# 1) be **dismissed** without prejudice, and without issuance and service of process.

**IT IS SO RECOMMENDED.**

February 15, 2017
Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

Petitioner's attention is directed to the **IMPORTANT NOTICE** on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).